# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mark Ballinger and Patricia Ballinger, | No. CV-18-00280-TUC-JAS |
| Plaintiffs, | **ORDER** |
| v. | |
| Liberty Insurance Corporation; Helmsman Management Services, LLC, | |
| Defendants. | |

Pending before the Court is a motion to dismiss for failure to state a claim filed by Defendants Liberty Insurance Corporation and Helmsman Management Services. For the reasons stated below, the motion is denied.[1]

## STANDARD OF REVIEW

The dispositive issue raised by a motion to dismiss for failure to state a claim is whether the facts as pleaded, if established, support a valid claim for relief. *See Neitzke v. Williams*, 490 U.S. 319, 328-329 (1989).[2] In reviewing a motion to dismiss for failure to state a claim, a court's review is typically limited to the contents of the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754 (9th Cir. 1994). Furthermore, a court must "construe the complaint . . . in the light most favorable to the non-moving

---

[1] Because the briefing is adequate and oral argument will not help in resolving this matter, oral argument is denied. *See Mahon v. Credit Bureau of Placer County, Inc.*, 171 F.3d 1197, 1200-1201 (9th Cir. 1999).

[2] Unless otherwise noted by the Court, internal quotes and citations have been omitted when quoting and citing cases throughout this Order.

party, and [a court must] take the allegations and reasonable inferences as true." *Walter v. Drayson*, 538 F.3d 1244, 1247 (9th Cir. 2008); *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000)(in reviewing a motion to dismiss for failure to state a claim, "we accept all factual allegations of the complaint as true and draw all reasonable inferences in favor of the non-moving party."); *Clegg*, 18 F.3d at 754 (same); *see also Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact) . . . of course, a . . . complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely." ); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009)(while Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation . . . Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

**DISCUSSION**

This case stems from a helicopter accident that occurred while an employee was working within the course and scope of his employment. The employee (Plaintiff) collected workers' compensation benefits in relation to the accident, and also received a monetary settlement from the manufacturers of the helicopter. Plaintiff alleges that the workers' compensation insurance carrier (Defendant) claimed a lien on the settlement proceeds, but refused to properly engage in settlement negotiations to reduce its lien to account for his employers' fault in the accident, even though it was required to do so under Arizona law. As such, Plaintiff has filed this action against the workers' compensation carrier, and its third-party administrator, alleging that they engaged in bad faith in failing to reduce the lien.

Defendants argue that Plaintiffs fail to state a claim for bad faith. As pertinent to the circumstances of this case, the Arizona Supreme Court has stated:

> [W]e recognize that even in a settlement context, an insurance carrier has an obligation to act in good faith toward a claimant by giving equal consideration to the claimant's interests. *See Stout I*, 197 Ariz. at 242 ¶¶ 19–22, 3 P.3d at 1162; *cf. Boy*, 154 Ariz. at 335, 337, 742 P.2d at 836 (concluding pre-*Aitken*, that workers' compensation insurer "did not breach its duty to act in good faith when it refused to compromise its lien against any [third-party] recovery," and noting that "[t]he duty of good faith ... merely requires the insurer to give equal consideration to the interests of both parties").[3] Under these circumstances . . . good faith might entail a workers' compensation insurer considering and reasonably acting on a claimant's request to reduce the lien on third-party settlement proceeds, particularly when evidence of employer fault is clear, undisputed, and substantial.

*Twin City Fire Insurance Company v. Leija*, 422 P.3d 1033, 1039 (Ariz. Sup. Ct. 2018) ("*Leija*").[4]

As alleged in the Complaint, Mark Ballinger ("Mark") was piloting a Robinson R22 Beta helicopter ("Helicopter") when it lost power and crashed in Tucson, Arizona; Mark was severely injured in the crash. At the time of the accident, Mark was acting in the course and scope of his employment for Raytheon Missile Systems ("Raytheon"). Defendant Liberty Insurance Corporation ("Liberty") provided workers' compensation benefits to Mark via a policy issued to Raytheon.

---

[3] *Stout I* is a case from 2000, and the *Boy* case is from 1987. *See Boy v. Fremont Indemnity Company*, 154 Ariz. 334 (Ct. App. 1987); *Stout v. State Compensation Fund*, 197 Ariz. 238 (Ct. App. 2000).

[4] The *Leija* case was filed on August 2, 2018. Thus, the *Leija* case was filed after the Complaint was filed in this case, and after the motion to dismiss became fully briefed in this case. In light of the recent decision in *Leija*, the Court requested a joint report from the parties addressing the implications of *Leija* to this case, and whether they were interested in a settlement conference in light of *Leija*. The parties filed a joint report addressing *Leija*; while Plaintiffs were interested in a settlement conference, Defendants were not interested in a settlement conference at this juncture of the case. *See* Doc. 23.

Mark and his wife (the "Ballingers") subsequently filed a products liability suit in Pima County Superior Court against various defendant entities involved in the design, manufacture, and maintenance of the Helicopter ("State Lawsuit"); the Ballingers alleged that design defects relating to the Helicopter's carburetor caused the crash. Liability was heavily contested in the State Lawsuit, and the Ballingers spent over one million dollars (not including attorneys' fees) litigating the State Lawsuit.

The defendants in the State Lawsuit named Raytheon as a non-party at fault, and contended that Raytheon was at least fifty percent at fault for the Helicopter crash as Raytheon failed to properly train its employees in the operation of helicopters, and failed to properly develop and enforce policies relating to the safe operation of helicopters. As such, Raytheon's potential fault was a large factor in the Ballingers' assessment of the case, and this substantially reduced the value of the Ballingers' case and the amount the Ballingers ultimately accepted to settle the State Lawsuit.

Liberty claimed a lien on any damages recovered in the State Lawsuit. However, a workers' compensation insurance carrier must reduce its lien by any percentage of fault attributable to the employer (i.e., Raytheon). *See Aitken v. Indus. Comm'n*, 183 Ariz. 387, 390 (1995). In addition, as referenced above, "even in a settlement context, an insurance carrier has an obligation to act in good faith toward a claimant by giving equal consideration to the claimant's interests . . . good faith might entail a workers' compensation insurer considering and reasonably acting on a claimant's request to reduce the lien on third-party settlement proceeds . . ." *Leija*, 422 P.3d at 1039. The Ballingers made multiple requests to Liberty to reduce its lien in light of the fault attributable to

Raytheon, and Liberty was informed of the law requiring it to reduce its lien in light of the surrounding circumstances of the ultimate settlement in the State Lawsuit. Nevertheless, Liberty failed to respond to the Ballingers' final demand to reduce its lien, has failed to respond to subsequent communications from the Ballingers, and otherwise refused to reduce its lien. Taking Plaintiffs' allegations as true, and drawing all reasonable inferences in their favor, Plaintiffs have sufficiently stated a claim for bad faith. As such, the motion to dismiss Plaintiffs' bad faith claim is denied.

On a related note, Defendants argue that even if Plaintiffs' bad faith claim is viable against Liberty, the bad faith claim is not viable as it pertains to the third-party administrator that Liberty hired (Helmsman Management Services – "Helmsman") to administer the Ballingers' claim. Defendants argue that while Mark may have had a contractual relationship with Liberty to provide workers' compensation benefits through Raytheon, he had no contractual relationship with Helmsman. As there was no contractual privity between Mark and Helmsman, Defendants argue that Helmsman owed no duty of good faith to the Ballingers, and therefore the bad faith claim against Helmsman must be dismissed.[5]

This argument, however, was addressed and rejected in *Farr*. *See Farr v. Transamerica Occidental Life Insurance Company of California*, 145 Ariz. 1 (Ct. App.

---

[5] As Plaintiffs correctly argue, Defendants cite *Meineke* and *Walter* to support their position, but the adjuster defendants in those cases had been dismissed and were not at issue on appeal; thus, any discussion of a third-party administrator's bad faith was dicta. *See Meineke v. GAB Business Services, Inc.*, 195 Ariz. 564 (Ct. App. 1999); *Walter v. F.J. Simmons and Others*, 169 Ariz. 229 (Ct. App. 1991); *see also IDS Property Casualty Insurance Company v. Gambrell*, 913 F. Supp. 2d 748, 753 (D. Ariz. 2012) ("That statement [regarding the third-party administrator's dismissal] was not necessary to [*Walter's*] holding, was not expressly deemed a guide for future conduct, and does not provide reasoned consideration of the issue; thus, it is merely dicta.").

1984). In *Farr*, the trial court found that a third-party administrator could not be held liable for bad faith as there was no contractual privity between the plaintiff and the third-party administrator; the *Farr* court disagreed and reversed the trial court's decision. Relying on the Arizona Supreme Court's decision in *Sparks*,[6] the *Farr* court held that a third-party administrator could be liable for bad faith, reasoning:

> [The trial court dismissed the third-party administrator on the ground that] . . . non-insurer defendants who administer claims are not parties to agreements, thereby relieving them of any implied duty of good faith and fair dealing . . . [However] . . . our supreme court . . . settled [this] issue in *Sparks* . . . *Sparks* turns upon the idea that the insurer and its agent are engaged in a joint venture so that each is jointly and severally liable with the other for a bad faith refusal to pay . . . [Defendant] . . . says that not all the features of a joint venture are present here. Looking to those features, we note that here there was no proof of profit and loss sharing and no proof of a joint right to control. Thus, the classical elements of a joint venture are missing. But if that is true here, it was also true in *Sparks*. In *Sparks* the court found that a company that issued certificates of coverage, billed and collected premiums, handled the investigation and payment of claims, and distributed brochures to induce the purchase of policies was engaged in a joint venture with the insurer so that both owed a common duty to the insureds to act in good faith.

*Farr*, 145 Ariz. at 11. Plaintiff has alleged that Liberty hired Helmsman to assist it in administering Mark's workers' compensation claim, and that in relation to that claim, Liberty failed to respond to the Ballingers' final demand to reduce its lien, failed to respond to subsequent communications from the Ballingers, and otherwise refused to reduce its lien despite circumstances indicating that Raytheon was at fault in the State Lawsuit. Taking Plaintiffs' allegations as true and drawing all reasonable inferences in their favor, Plaintiffs have stated a bad faith claim against Helmsman.

---

[6] *Sparks v. Republic National Life Insurance Company*, 132 Ariz. 529 (1982).

Lastly, the Court notes that Plaintiffs have agreed to amend the caption of the Complaint to name the correct Liberty entity, and have also agreed to voluntarily dismiss the declaratory relief count as to all Defendants as that count is no longer viable after the Arizona Supreme Court's recent decision in *Leija*. *See* Doc. 16 at p. 10 (lines 2 to 5) and Doc. 23 at p. 2 (lines 8 to 11). Accordingly, the only remaining count in this case is for bad faith against Liberty Insurance Corporation and Helmsman Management Services; Plaintiffs shall file an amended complaint within 14 days of the filing date of this Order to reflect these changes.

**CONCLUSION**

IT IS HEREBY ORDERED as follows:

(1) Defendants' motion to dismiss (Doc. 12) is denied.

(2) Plaintiffs shall file their amended complaint as discussed above.

Dated this 31st day of October, 2018.

Honorable James A. Soto
United States District Judge